IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DARIUS QUINARD CARLISLE,**

    **Movant,**

**v.**                                           **Case No. 2:04-cr-00096-1**
                                               **Case No. 2:09-cv-00533**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 11, 2009, Movant, Darius Quinard Carlisle ("Defendant") filed a document entitled "Relief from Judgment and Order Under Federal Rules of Civil Procedure, Rule 60(b)" (docket # 176). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 13, 2004, Defendant entered guilty pleas to interference with commerce by threats or violence, and use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c)(1)(A). <u>United States v. Carlisle</u>, Case No. 2:04-cr-00096-1 (S.D. W. Va.), docket ## 127-130. On April 6, 2005, Defendant was sentenced to a total of 216 months of imprisonment,

to be followed by a five-year term of supervised release. Defendant was also ordered to pay restitution in the amount of $67,585.18, and a $200 special assessment. (Judgment in a Criminal Case, # 144.)  The offenses arose out of the armed robbery and shooting of a pizza deliveryman.  Defendant did not take a direct appeal.

On March 3, 2009, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (# 152).  On March 17, 2008, the undersigned filed Proposed Findings and Recommendation that Defendant's § 2255 motion be dismissed as time-barred (# 155). Defendant filed objections (# 156). By Memorandum Opinion and Judgment Order entered July 22, 2008, Judge Faber overruled the objections, adopted the proposed findings and dismissed the motion (## 168, 169).

Defendant's current document before the court argues that this court lacked jurisdiction over his criminal prosecution (# 176, at 1.)  He explains that his robbery conviction did not affect interstate commerce; thus the court lacked subject matter jurisdiction.  Id., at 2.  He contends that the robbery and shooting of the pizza deliveryman of $12.00 did not obstruct, delay or affect interstate commerce as required by 18 U.S.C. § 1951. Id., at 9. Defendant urges the court to vacate his conviction and sentence and conduct proceedings to determine whether the element of affecting interstate commerce was met.  If the element was met,

2

the conviction and sentence should be reinstated; if not, then the criminal case should be dismissed with prejudice.  Id., at 13.

## ANALYSIS

During Defendant's guilty plea hearing, he was informed of the elements of the offense with which he was charged, and he stated under oath that he believed that the United States would have proved each and every essential element beyond a reasonable doubt. The Fourth Circuit has held that the interstate commerce element may be satisfied even when the impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected.  United States v. Bailey, 990 F.2d 119, 125 (4th Cir. 1993).

Defendant has filed his motion pursuant to Fed. R. Civ. Proc. 60(b)(6) which permits the reopening of a judgment where the movant shows "any other reason justifying relief from the operation of the judgment."   Fed. R. Civ. P. 60(b)(6).   The undersigned has concluded that Defendant's motion amounts to a successive request for collateral review of Defendant's conviction and sentence, because Defendant challenges the court's subject matter jurisdiction. A request to file a successive § 2255 motion must be filed with the U.S. Court of Appeals for the Fourth Circuit.  The governing precedent is found in United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), a section 2255 proceeding, in which the Fourth Circuit held:

3

> There may be no infallible test for making this distinction [between a motion for relief from judgment and a successive petition], but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.

In the instant case, Defendant does not contend that there was a defect in the proceedings involving the dismissal of his § 2255 motion as untimely; he challenges his conviction. The undersigned proposes that the presiding District Judge **FIND** that Defendant's Rule 60(b) Motion is actually a successive § 2255 Motion in that it is directly attacking his sentence.

It is further proposed that the presiding District Judge **FIND** that this court lacks authority to waive or eliminate the gate keeping procedure set forth in 28 U.S.C. §§ 2255(h) and 2244(b)(3), which is the domain of courts of appeals.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that there was no procedural defect in Movant's section 2255 proceeding, and that Movant is entitled to no relief under Rule 60(b) of the Federal Rules of Civil Procedure. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's "Relief from Judgment and Order Under Rule 60(b)" (# 176).

Defendant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of Criminal Procedure, Defendant shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant.

   July 24, 2009
      Date

Mary E. Stanley
United States Magistrate Judge