```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**DARIUS QUINARD CARLISLE,**

    **Movant,**

**v.**                           **CIVIL ACTION NO. 2:09-0533**
                              **CRIMINAL ACTION NO. 2:04-0096-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is movant's document entitled "Relief from Judgment and Order Under Federal Rules of Civil Procedure, Rule 60(b)." (Doc. No. 176.) By Standing Order entered August 1, 2006, and filed in this case on May 13, 2009, this matter was referred to United States Magistrate Judge Mary E. Stanley. Pursuant to 28 U.S.C. § 636(b), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge Stanley submitted her Proposed Findings and Recommendation ("PF & R") on July 24, 2009, recommending that this court find that movant's filing should be considered as a successive motion under 28 U.S.C. § 2255, which should be dismissed for failure to comply with the gate-keeping procedure set forth in 28 U.S.C. §§ 2255(h) and 2244(b)(3). (Doc. No. 181.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's PF & R.

Under § 636(b), the failure of any party to file objections within the appropriate time frame constitutes a waiver of that party's right to a de novo review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Neither party has submitted objections to the PF & R, and the time period for doing so has now elapsed.

Having reviewed the Proposed Findings and Recommendation (Doc. No. 181) filed by Magistrate Judge Stanley, the court (1) **CONFIRMS** and **ACCEPTS** the factual and legal analysis set forth therein; (2) **FINDS** that movant's filing constitutes a successive § 2255 motion in that it directly attacks his sentence; (3) **FINDS** that this court lacks authority to waive or eliminate the gate-keeping procedure set forth in 28 U.S.C. §§ 2255(h) and 2244(b)(3), which is the domain of the courts of appeals; (4) **FINDS** that there was no procedural defect in movant's initial proceeding under § 2255 (<u>see</u> Doc. No. 152), and that movant is not entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure; (5) **DENIES** movant's motion for "Relief from Judgment and Order Under Rule 60(b)" (Doc. No. 176); and (6) **DIRECTS** the Clerk to remove this action from the active docket of the court and to forward copies of this Memorandum Opinion and Order to counsel of record and movant, pro se.

It is **SO ORDERED** this 12th day of November, 2009.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge